IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KATHERINE ADELIA COCHRAN,** | * |
| | * |
| Plaintiff, | * |
| | *   Civil No. TMD 17-550 |
| v. | * |
| | * |
| **NANCY A. BERRYHILL,** | * |
| **Deputy Commissioner for Operations,** | * |
| **Social Security Administration,** | * |
| | * |
| **Defendant.**[1] | * |

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
<u>ALTERNATIVE MOTION FOR REMAND</u>**

Plaintiff Katherine Adelia Cochran seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 17), Defendant's Motion for Summary Judgment (ECF No. 18), and Plaintiff's Response to Defendant's Motion for Summary Judgment (ECF No. 19).[2] Plaintiff contends that the administrative record does not contain substantial evidence to

---

[1] The positions of Commissioner of Social Security and Deputy Commissioner of Social Security are vacant. Nancy A. Berryhill is performing the delegable duties and functions of the Commissioner of Social Security. Brief for Respondent at 1 n.1, *Culbertson v. Berryhill*, No. 17-773 (U.S. filed Apr. 5, 2018).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary

support the Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 17) is **GRANTED**.

I

Background

Born in 1982, Plaintiff has a high-school education and no past relevant work. R. at 32, 302. Plaintiff protectively filed an application for SSI on November 27, 2012, alleging disability beginning on November 1, 2008, due to bipolar disorder, anxiety disorder, panic disorder, post-traumatic stress disorder, and seizures. R. at 205-13, 297, 301. The Commissioner denied Plaintiff's application initially and again on reconsideration, so Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. at 110-33, 137-46. On September 4, 2015, ALJ Susan Maley held a hearing in Baltimore, Maryland, at which Plaintiff and a vocational expert ("VE") testified. R. at 43-82. On December 15, 2015, the ALJ issued a decision finding Plaintiff not disabled since the application date of November 27, 2012. R. at 17-41. Plaintiff sought review of this decision by the Appeals Council, which denied Plaintiff's request for review on January 20, 2017. R. at 1-6, 14-16. The ALJ's decision thus became the final decision of the Commissioner. *See* 20 C.F.R. § 416.1481; *see also Sims v. Apfel*, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 2083 (2000).

On February 24, 2017, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case subsequently was

---

judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

## Summary of Evidence

A. **State Agency Consultants**

On March 11, 2013, a state agency consultant, E. Lessans, Ph.D., using the psychiatric review technique ("PRT") under 20 C.F.R. § 416.920a, evaluated Plaintiff's mental impairments under Listings 12.04 and 12.06 relating to affective disorders and anxiety-related disorders (R. at 113-14). *See* 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 12.04, 12.06. Dr. Lessans opined that, under paragraph B of the applicable listings, Plaintiff's mental impairments caused her to experience (1) mild restriction in activities of daily living; (2) moderate difficulties in maintaining social functioning; (3) moderate difficulties in maintaining concentration, persistence, or pace; and (4) one or two repeated episodes of decompensation of extended duration. R. at 113. Dr. Lessans did not find evidence to establish the presence of the criteria under paragraph C of the applicable listings. R. at 113. Dr. Lessans thus assessed Plaintiff's mental residual functional capacity ("RFC") and opined that she was moderately limited in her ability to (1) understand, remember, and carry out detailed instructions; (2) maintain attention and concentration for extended periods; (3) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; (4) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; (5) accept instructions and to respond appropriately to criticism from supervisors; and to (6) maintain socially appropriate behavior and

to adhere to basic standards of neatness and cleanliness. She otherwise was not significantly limited. R. at 115-16.

On September 12, 2013, another state agency consultant, Lawrence Annis, Ph.D., again used the PRT to evaluate Plaintiff's mental impairments under Listings 12.04 and 12.06. R. at 126-27. Dr. Annis opined that, under paragraph B of the applicable listings, Plaintiff's mental impairments caused her to experience (1) mild restriction in activities of daily living; (2) moderate difficulties in maintaining social functioning; (3) moderate difficulties in maintaining concentration, persistence, or pace; and (4) one or two repeated episodes of decompensation of extended duration. R. at 126. Dr. Annis did not find evidence to establish the presence of the criteria under paragraph C of the applicable listings. R. at 126. Dr. Annis thus assessed Plaintiff's mental RFC and opined that she was moderately limited in her ability to (1) carry out detailed instructions; (2) maintain attention and concentration for extended periods; (3) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; (4) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; (5) interact appropriately with the general public; (6) accept instructions and to respond appropriately to criticism from supervisors; and to (7) get along with co-workers or peers without distracting them or exhibiting behavioral extremes. Plaintiff otherwise was not significantly limited. R. at 129-31. Dr. Annis opined that Plaintiff "should be mentally able to sustain concentration and persist at range of routine occupational tasks within physical tolerances and skill levels for at least two hours at a time through an 8-hour workday." R. at 130.

## B. Plaintiff's Testimony

The ALJ reviewed Plaintiff's testimony in her decision:

> [Plaintiff] alleged several physical and mental symptoms arising from her severe impairments. [Plaintiff] testified that she had shooting pains from her neck down to her feet whenever she stood, and that she had difficulty sitting for long periods. [Plaintiff] explained as well that she was afraid of being around other people and that she does not like leaving her home. She noted that she starts to panic when she leaves her home, and that she has panic attacks. [Plaintiff] described having manic episodes and mood swings as well. She also described feeling worthless, having low self-esteem, and lacking motivation. She added that she had nightmares and a history of suicidal ideation. [Plaintiff] wrote that because of her symptoms, she had mobility problems and difficulties with her memory and understanding, concentration, following instructions, completing tasks, and getting along with others.

R. at 26-27 (citing R. at 316-23, 341-48, 362); *see* R. at 45-78. Further, Plaintiff believed that, in an eight-hour workday, she could stand and walk for two hours and could sit for four hours. R. at 69-70.

## C. VE Testimony

The VE testified that a hypothetical individual with Plaintiff's same age, education, and work experience and with the RFC outlined below in Part III could perform the jobs of mail sorter, pricer marker, or electrical assembler. R. at 78-79. No jobs would be available, however, to an individual off task 20% because his or her productivity would fall below an acceptable level for competitive employment. R. at 79. Further, an individual unproductive more than 10% on a consistent basis would be unable to sustain a job. R. at 80-81. The VE testified that, from her experience, a person missing more than one day per month at work would not be able to maintain gainful employment. R. at 81. Moreover, no jobs would be available to an individual who could stand and walk for two hours and could sit for four hours in an eight-hour workday. R. at 81.

# III

## Summary of ALJ's Decision

On December 15, 2015, the ALJ found that Plaintiff (1) had not engaged in substantial gainful activity since the application date of November 27, 2012; and (2) had an impairment or a combination of impairments considered to be "severe" on the basis of the requirements in the Code of Federal Regulations; but (3) did not have an impairment or a combination of impairments meeting or equaling one of the impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; and (4) could perform work in the national economy, such as a mail clerk, pricer marker, or electrical assembler. R. at 22-33. The ALJ thus found that she was not disabled since the application date of November 27, 2012. R. at 33.

In so finding, the ALJ found that, with regard to concentration, persistence, or pace, Plaintiff had moderate difficulties. R. at 25.

> [Plaintiff] wrote in her August 2013 function report that she has problems with paying attention, concentrating, and completing tasks. However, she also wrote that she enjoys listening to music, watching television, and using her computer. Those activities generally require paying attention or concentrating for extended periods. Moreover, [Plaintiff] has indicated during therapy that Vyvanse had improved her ability to focus. In addition, Dr. Scoville [Plaintiff's treating psychiatrist] determined that she had moderate limitations with maintaining concentration, persistence, or pace. Similarly, the state's psychological consultants also found that [Plaintiff] had moderate difficulties with maintaining concentration, persistence, or pace. [Plaintiff's] statements, findings, and the record as a whole indicate that [she] has moderate difficulties in concentration, persistence, or pace.

R. at 25 (citing R. at 90, 103, 113, 123, 361-62, 725, 808, 815-16, 833).

The ALJ then found that Plaintiff had the RFC

> to perform light work as defined in 20 CFR 416.967(a) except with the following limitations: [Plaintiff] could do occasional postural activities but never climb ladders, ropes or scaffolds. [Plaintiff] must avoid concentrated exposure to extreme temperatures, wetness, and respiratory irritants. [Plaintiff] could carry out simple tasks in two-hour increments with 10- to 15-minute breaks in-between.

> She could have occasional interaction with co-workers and supervisors, but she must avoid direct interaction with the general public. [Plaintiff] could adapt to simple changes in a routine work setting.

R. at 26. The ALJ explained that the assessment of Plaintiff's RFC "accounts for [her] difficulties with concentrating by restricting her to simple tasks for fixed periods." R. at 29.

The ALJ considered Plaintiff's credibility and found that her "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, [her and her husband's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." R. at 27.

> [Plaintiff] has also admitted to activities of daily living that undermine her allegations. [Plaintiff] admitted that she has no problems with her personal care and that she takes care of up to three children, all of [whom] have special needs. Her admissions imply a level of ability that is inconsistent with her allegations and the underlying assertion that she is unable to work. [Plaintiff's] medical records, conservative treatment, and admitted activities indicate that she is more capable than she has alleged, which suggests that her statements are not generally credible. As such, the objective imaging and findings, [Plaintiff's] testimony, and the record as a whole undermine the severity of [Plaintiff's] alleged symptoms.

R. at 29 (citing R. at 358).

## IV

### Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the

region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[3]

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age,

education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

V

**Substantial Evidence Standard**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir.

1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## VI

### Discussion

Plaintiff contends that the ALJ's decision contravenes *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). Pl.'s Mem. Supp. Mot. Summ. J. 9-15, ECF No. 17-1. According to Plaintiff, although the ALJ found that she had moderate difficulties with regard to concentration, persistence, or pace, the ALJ failed to include any limitation on concentration, persistence, or pace in the RFC assessment. *Id.* at 12-15. Rather, the ALJ limited her to the performance of "simple tasks in two-hour increments with 10- to 15-minute breaks in-between." *Id.* at 12 (quoting R. at 26). Plaintiff also argues that the ALJ "erroneously found that [her] subjective allegations are not credible to the extent it would preclude the RFC assessed by the ALJ." *Id.* at 15. In her Response to Defendant's Motion for Summary Judgment, Plaintiff further asserts that the ALJ erred in relying exclusively on objective evidence to undermine her subjective complaints of disabling pain. Pl.'s Resp. Def.'s Mem. Supp. Mot. Summ. J. 10-12, 13-14, ECF No. 19. For the reasons discussed below, the Court remands this case for further proceedings.

Plaintiff asserts that the ALJ's limiting her RFC to carrying out "simple tasks in two-hour increments with 10- to 15-minute breaks in-between" requires remand because the RFC assessment does not account for her moderate difficulties maintaining concentration, persistence,

11

or pace and does not account for any breaks in addition to those encompassed by a normal workday. Pl.'s Mem. Supp. Mot. Summ. J. 12-13, ECF No. 17-1 (citing Social Security Ruling 96-9p).[4] The Fourth Circuit held in *Mascio* that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* The court in *Mascio* remanded the case for the ALJ to explain why the claimant's moderate limitation in concentration, persistence, or pace at step three did not translate into a limitation in the claimant's RFC. *Id.* In other words, "[p]ursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *Talmo v. Comm'r, Soc. Sec.*, Civil Case No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015), *report and recommendation adopted* (D. Md. June 5, 2015).

Here, the ALJ found that Plaintiff's "statements, findings, and the record as a whole indicate that [she] has moderate difficulties in concentration, persistence, or pace." R. at 25. The ALJ then stated that the RFC assessment "accounts for [Plaintiff's] difficulties with concentrating by restricting her to simple tasks for fixed periods." R. at 29. Contrary to

---

[4] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

Plaintiff's contention, the ALJ's hypothetical question to the VE and the corresponding RFC assessment limiting Plaintiff to "simple tasks in two-hour increments with 10- to 15-minute breaks in-between" account for Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace (R. at 26; *see* R. at 78). *See Gill v. Berryhill*, No. 3:17-CV-00430-FDW-DSC, 2018 WL 2107196, at *4 (W.D.N.C. May 7, 2018) ("An explanation of how long a claimant is able to sustain concentration and attention to perform tasks is a direct accounting for the claimant's ability to stay on task—and difficulties in concentration, persistence and pace." (quoting *Roope v. Berryhill*, No. 5:16-CV-00048-GCM, 2017 WL 1364603, at *3 (W.D.N.C. Apr. 12, 2017))); *Fender v. Berryhill*, No. 1:17-CV-00041-RJC, 2018 WL 1536485, at *7 & n.6 (W.D.N.C. Mar. 29, 2018) ("Here, the Court finds that a two-hour limitation directly addresses Plaintiff's moderate limitations in concentration, persistence or pace ('CPP'). . . . [T]his two-hour limitation closely resembles the effects of limiting a claimant to a non-production pace, which also adequately addresses moderate difficulties in CPP." (citing, *inter alia*, *Sizemore v. Berryhill*, 878 F.3d 72 (4th Cir. 2017))); *Beckman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-16-2022, 2017 WL 1316920, at *3 (D. Md. Apr. 7, 2017) (finding that ALJ's limiting claimant's RFC to, *inter alia*, sustaining concentration toward multi-step tasks "for 2-hour segments (or within customary work tolerances, with breaks)" adequately addressed claimant's "no more than moderate" difficulties in concentration, persistence, or pace and her ability to sustain work throughout eight-hour workday); *Hicklin-Jones v. Colvin*, No. 3:14-CV-584, 2015 WL 8958542, at *4 (W.D.N.C. Dec. 15, 2015) ("Unlike *Mascio*, Plaintiff is not merely limited to simple or unskilled work. Rather, the ALJ's limitation regarding work length and breaks [where ALJ found that claimant could work in two-hour segments with ten- to fifteen-minute breaks] is directly responsive to her allegations regarding her ability to stay on task and is amply supported

by the record evidence."); *Fowler v. Colvin*, No. 3:14CV855 (HEH), 2015 WL 8488971, at *7 (E.D. Va. Oct. 13, 2015) ("Though he did not explicitly use the terms 'pace' or 'persistence' in the limitations, the ALJ properly included Plaintiff's psychological deficiencies in the hypothetical posed to the VE, despite Plaintiff's argument to the contrary. Specifically, the ALJ's hypothetical described a worker who could not work more than two hours at a time without a break." (citation omitted)), *report and recommendation adopted*, No. 3:14CV855-HEH, 2015 WL 8484443 (E.D. Va. Dec. 9, 2015).

The VE testified, however, that a hypothetical individual who would be unproductive more than 10% on a consistent basis would be unable to sustain employment. R. at 80-81. The ALJ failed to explain how, despite Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace, she could remain on task or be productive for at least 90% of an eight-hour workday. Rather, the ALJ found that "[t]he objective findings in the medical record and [Plaintiff's] testimony suggest that [she] has reduced mental abilities, especially in terms of maintaining concentration or focus, interacting with others, and adapting to stressors." R. at 29. The ALJ also found, however, that Plaintiff "has no problems with her personal care and that she takes care of up to three children, all of [whom] have special needs." R. at 29. The ALJ further noted that Plaintiff "enjoys listening to music, watching television, and using her computer." R. at 25. The ALJ "must *both* identify evidence that supports [her] conclusion *and* 'build an accurate and logical bridge from [that] evidence to [her] conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (second alteration in original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)). In particular, the ALJ "must build a logical bridge between the limitations [she] finds and the VE evidence relied upon to carry the Commissioner's burden at step five in finding that there are a significant number of jobs available to a claimant." *Brent v.*

*Astrue*, 879 F. Supp. 2d 941, 953 (N.D. Ill. 2012) (citing *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011)). An ALJ's failure to do so constitutes reversible error. *See Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). In short, the inadequacy of the ALJ's analysis in this case frustrates meaningful review. *See Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017) (remanding because, *inter alia*, ALJ did not build accurate and logical bridge between claimant's moderate difficulties in various functional areas and ALJ's finding that claimant would not be off task more than 10% of workday); *Ashcraft v. Colvin*, No. 3:13-cv-00417-RLV-DCK, 2015 WL 9304561, at *11 (W.D.N.C. Dec. 21, 2015) (remanding under fourth sentence of 42 U.S.C. § 405(g) because court was unable to review meaningfully ALJ's decision that failed to explain exclusion from RFC assessment an additional limitation of being 20% off task that VE testified would preclude employment). Remand under the fourth sentence of 42 U.S.C. § 405(g) thus is appropriate, *see Mascio*, 780 F.3d at 636, and the Court need not address Plaintiff's remaining arguments. *See Boone v. Barnhart*, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).[5]

---

[5] The Court points out that, when considering a claimant's credibility, "[a]n ALJ may not consider the *type* of activities a claimant can perform without also considering the *extent* to which she can perform them." *Woods*, 888 F.3d at 694 (citing *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 263 (4th Cir. 2017)). In this regard, disability claimants "should not be penalized for attempting to lead normal lives in the face of their limitations." *Lewis*, 858 F.3d at 868 n.3 (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)). *But see Johnson*, 434 F.3d at 658; *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (per curiam). "[W]orking sporadically or performing household chores are [sic] not inconsistent with being unable to engage in substantial gainful activity." *Engstrand v. Colvin*, 788 F.3d 655, 661 (7th Cir. 2015); *see Krauser v. Astrue*, 638 F.3d 1324, 1333 (10th Cir. 2011) ("As for watching television, that is hardly inconsistent with [the claimant's] allegations of pain and related concentration problems." (citing *Hamlin v. Barnhart*, 365 F.3d 1208, 1221 (10th Cir. 2004))). On remand, the ALJ also should explain, in light of the foregoing, how Plaintiff's activities show that she can persist through an eight-hour workday. *See Brown*, 873 F.3d at 263.

## VII

## Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 18) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 17) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 17) is **GRANTED**. Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. A separate order will issue.

Date: June 26, 2018                              /s/
                                                 Thomas M. DiGirolamo
                                                 United States Magistrate Judge